**In re Dolores Jean SUMNER, Debtor.**

**Bankruptcy No. 94–51846.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Feb. 16, 1995.

Richard M. Katz, Macon, GA, for debtor.

Emmett L. Goodman, Jr., Macon, GA, for respondent.

Camille Hope, Chapter 13 Trustee, Macon, GA.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter is before the Court on motion by Dolores Jean Sumner ("Debtor") to determine the value of security and the extent of a creditor's allowed secured claim on residential real estate pursuant to 11 U.S.C. § 506. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(K). These findings of fact and conclusions of law are published in compliance with Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

Debtor filed this case under Chapter 13 of the Bankruptcy Code on June 30, 1994. Prior to Debtor's filing, First Macon Bank ("First Macon") obtained a judgment lien against the subject property in the amount of Fifty-nine Thousand Two Hundred Dollars and Three Cents ($59,200.03). The subject property is the Debtor's residence located at 2946 Pender Way, Lizella, Georgia. The property is subject to a senior mortgage encumbrance in the amount of Forty-three

Thousand Eight Hundred Dollars ($43,-800.00). Debtor has represented to the Court that she intends to retain the property under the terms of her plan.

The Court held a hearing on this matter on December 19, 1994. At the conclusion of the hearing, the Court found the fair market value of Debtor's property to be Ninety-one Thousand Dollars ($91,000.00) without reference to any liens. Debtor requested that the Court reduce First Macon's claim by the amount of the estimated liquidation costs. First Macon contends that such hypothetical costs should not be applied to reduce its claim. The Court took this aspect of the matter under advisement and now renders this final decision as to valuation of First Macon's lien and the allowance of its claim. Since it is determined here that the hypothetical costs are not allowable as a deduction to the above specified fair market value, the Court makes no finding as to the amount of those costs.

*CONCLUSIONS OF LAW*

Section 506 of the Bankruptcy Code governs valuations of security interests in property in bankruptcy. Section 506(a) provides as follows:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a) (West 1994).

The issue of whether hypothetical costs of liquidation should be deducted when determining the amount of a creditor's claim is the subject of disagreement among the circuits.

*See In re Jones,* 152 B.R. 155 (Bankr. E.D.Mich.1993) and cases cited therein. Upon consideration of the guidance provided by numerous cases which have considered this question, the Court concludes that hypothetical costs of liquidation will not be deducted from this secured creditor's claim.

Both views as to hypothetical liquidation costs have a sound basis in the Bankruptcy Code. Courts deducting hypothetical liquidation costs look to the first sentence of section 506(a) which states that a creditor's claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...." Since it is the creditor's interest that is being valued, courts deducting hypothetical liquidation costs reason that the creditor's interest consists of what the creditor could realize from a foreclosure and sale of the property. *Huntington Nat'l. Bank v. Pees (In re McClurkin),* 31 F.3d 401, 403 (6th Cir.1994) (citing *In re Overholt,* 125 B.R. 202, 214 (S.D.Ohio 1990)); *In re Claeys,* 81 B.R. 985, 991 (Bankr.D.N.D.1987) ("it is in the first instance the creditor's interest in the collateral that must be valued."). Under this view, it would seem appropriate to deduct hypothetical costs of liquidation when determining the value of a secured creditor's lien on estate property. Under section 506(a) the secured creditor's claim is defined as the value of this lien interest.

Courts which refuse to deduct costs of a hypothetical sale rely upon the second sentence of section 506(a). *McClurkin* at 403 (citing *Brown & Co. Securities Corp. v. Balbus (In re Balbus),* 933 F.2d 246 (4th Cir. 1991)); *Beacon Hill Apartments, Ltd. v. Columbia Sav. & Loan Assoc. (In re Beacon Hill Apartments, Ltd.),* 118 B.R. 148 (N.D.Ga.1990). These courts reason that deducting costs of sale when no sale is contemplated ignores the language of section 506(a) which states "Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property...." *Balbus* at 251.

In *McClurkin,* the Sixth Circuit Court of Appeals reviewed valuation of a creditor's security interest and concluded that hypo-

thetical costs of sale should not be deducted in a valuation such as the one under consideration here. That court reviewed relevant Supreme Court precedent, and concluded "the Court has never viewed § 506(a) as limiting an undersecured creditor's interest to something less than the value of the collateral. To the contrary, they show that the Court has consistently viewed the 'creditor's interest' as equal to the lesser of the amount of the lien or the value of the collateral." *McClurkin* at 404. While the court in *McClurkin* noted that no Supreme Court case law is exactly on point, it concluded that an overall construction of section 506(a) would be appropriate to interpret section 506(a). This Court concurs with the rationale of the *McClurkin* court.

The *McClurkin* court observed that the practice of deducting hypothetical costs of sale to determine a secured creditor's unsecured claim after abandonment of property under 11 U.S.C. § 554 is a different matter from the one under consideration here. There the creditor's unsecured claim might have to be established by the valuation process before the liquidation of the property is complete in order to make the pro rata calculations which must precede distribution of the estate's unencumbered assets. The court stated "There is no reason for turning this practice against the creditor, and using it to decrease the amount of the secured claim, where the creditor is prevented from foreclosing on the collateral by debtor's keeping of the property under a proposed reorganization plan." *Id.* at 405.

In that spirit, this Court concludes that equitable considerations in this case support a refusal to deduct such purely hypothetical costs of liquidation. Bankruptcy is often concerned with balancing the equities between a creditor's right to payment and a debtor's need for relief. When a debtor proposes to retain property under a reorganization plan, a secured creditor looses certain opportunities which may be available under state law such as the right to sell the property for immediate cash or retain the property and enjoy future appreciation. In exchange for these options, the creditor obtains a right to future payments under a plan and retains its lien on the property.

If purely hypothetical costs of liquidation are deducted from the value of a creditor's lien, the balancing of the equities would tilt unfairly towards the debtor. A creditor not only looses the benefit of certain rights under state law, but its secured claim is reduced for the debtor's benefit without any corresponding detriment to the debtor. The debtor is able to retain property enjoying its use and appreciation while paying the secured creditor less than the property's present value. While future events *might* diminish the value of the creditor's lien, the Court should not deduct such hypothetical costs where the events are not expected to occur if the debtor's plan is executed in accordance with its terms.

In summary, the value of the creditor's lien will not be reduced by the hypothetical costs of liquidation. The order entered in accordance with this opinion will establish the amount of First Macon's secured claim as Forty-seven Thousand Two Hundred Dollars ($47,200.00). This amount is derived by deducting the amount of the first mortgage ($43,800.00) from the fair market value ($91,000.00).