In re James Benjamin CORONA, and
Cindy Carlton Corona, Debtors.

James Benjamin Corona and Cindy
Carlton Corona, Movants,

v.

Internal Revenue Service, Respondent.

Bankruptcy No. 96–68189.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 31, 1997.

Order Granting Post-Confirmation
Interest Sept. 9, 1997.

William G. McDaniel, Atlanta, GA, for Debtors.

Ann Reid, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C.

James H. Bone, Atlanta, GA, Chapter 13 Trustee.

### ORDER ON DEBTORS' OBJECTION TO PROOF OF CLAIM

ARMAND DAVID KAHN, Bankruptcy Judge.

The debtors having filed an Objection to Proof of Claim with respect to the Internal Revenue Service, and a hearing having been held on July 23, 1997, at 2:00 p.m., the Court finds as follows:

The Internal Revenue Service filed an amended proof of claim in the total amount of $127,055.60, consisting of $48,270 as a secured claim, $62,676.94 as an unsecured priority claim, and $16,108.66 as an unsecured general claim. The amount of the secured claim includes the fair-market value of the debtors' residence, less the amounts of the first and second mortgages on that property, as well as amounts for the debtors' personal property.

The debtors argue that they should be entitled to a deduction for hypothetical costs of selling the debtors' residence from the secured claim of the Internal Revenue Service. The debtors calculated the hypothetical selling costs to be $9,100 (7% real estate commission × $130,000 fair-market value of residence).

This Court finds that, because the debtors intend to retain their residence, they are not entitled to deduct hypothetical selling costs from the value of their residence when determining the amount of the Internal Revenue Service's secured claim. *Associates Commercial Corp. v. Rash*, — U.S. —, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997) (holding that under § 505 of the Bankruptcy Code, the value of property retained because the debtor has exercised the § 1325(a)(5)(B) "cram down" option is the cost that the debtor would incur to obtain a like asset for the same "proposed … use"); *In re Taffi*, 68 F.3d 306 (9th Cir.1995); *In re Trimble*, 50 F.3d 530 (8th Cir.1995); *In re Winthrop Old Farm Nurseries Inc.*, 50 F.3d 72 (1st Cir. 1995); *In re McClurkin*, 31 F.3d 401 (6th Cir.1994); *In re Coker*, 973 F.2d 258 (4th Cir.1992); *In re Beacon Hill Apartments, Ltd.*, 118 B.R. 148 (N.D.Ga.1990).

It is hereby ORDERED: The debtors' Objection to Proof of Claim is overruled. The Proof of Claim for Internal Revenue Taxes, as amended, is allowed as filed. The Court however, reserves ruling on the issue of whether the United States is entitled to post petition interest on its secured claim.

SO ORDERED.

### ORDER

Debtors in the above-styled case objected to the proof of claim filed by the Respondent. Hearing was held July 23, 1997, at which time most of the Debtors' objections were addressed. At the hearing, the Debtors raised an objection to the Respondent's right to post-confirmation interest on the secured portion of its claim. For the reasons set forth below, the Debtors' objection is overruled.

The Respondent's amended proof of claim sets forth a total claim of $127,055.60, of which $48,270 is secured by a lien against the Debtors' residence, $62,676.94 is an unsecured priority claim, and $16,108.66 is a general unsecured claim. The parties' dispute concerns the Respondent's right under the Plan to interest on its secured claim.

Under § 1325(a)(5), a creditor holding a secured claim must accept the Plan or the Debtor must surrender the collateral. If neither of these conditions is met, the Plan may still be confirmed *if*, "with respect to each allowed secured claim provided for by the plan[,] … the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii). The parties apparently agree that this "cram down" provision entitles the Respondent to interest on its secured claim. The Debtors, however, contend that the interest itself is an

unsecured claim, citing 8 *Collier on Bankruptcy* ¶ 1300.73[e][2] (15th ed.):

> The interest paid as a consequence of the debtor retaining possession of the collateral and paying the claim in installments under the chapter 13 plan is not considered part of the secured claim, except to the extent that the value of the collateral exceeds the amount of the allowed secured claim. Otherwise, such interest is an unsecured claim.

The Debtors therefore suggest that they pay the § 1325 interest on the same terms as other unsecured claims, that is, that they should pay only six percent (6%) of the interest.

The Respondent maintains that, to satisfy § 1325(a), the Debtors must pay full interest on the secured claim at the rate specified under § 6621 of the Internal Revenue Code.

■ It is true that the lien on collateral does not secure the § 1325 post-confirmation interest on an undersecured claim. 8 *Collier on Bankruptcy* ¶ 1325.06[3][b]. The plain language of the statute, however, requires that the secured creditor receive the equivalent of the present value of its collateral through the Plan. *See Associates Commercial Corp. v. Rash*, —— U.S. ——, ——, 117 S.Ct. 1879, 1885, 138 L.Ed.2d 148 (1997). The purpose is to "place the holder of an allowed secured claim in the same position economically" as if the Debtor had surrendered the collateral. 8 *Collier on Bankruptcy* ¶ 1325.06[3][b]. The Eleventh Circuit, construing identical language in § 1129(a)(9)(C), has held that the "proper method of providing [ ] creditors with the equivalent value of their claim as of the effective date of the plan is to charge interest on the claim *throughout the payment period.*" *United States v. Southern States Motor Inns, Inc. (In re Southern States Motor Inns, Inc.)*, 709 F.2d 647, 650 (11th Cir.1983) (emphasis added), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). Other Courts have held that, even on undersecured claims, § 1325 requires the payment of interest on the secured portion. *United Carolina Bank v. Hall*, 993 F.2d 1126, 1127 (4th Cir. 1993); *see also In re Arvelo*, 176 B.R. 349 (Bankr.D.N.J.1995). Interest should be paid in installments with the claim. *United Carolina Bank*, 993 F.2d at 1127.

■ Although there is at least one older case that suggests that interest under § 1325(a)(5) is an unsecured claim that should be paid with the distribution to unsecured creditors, *see In re Powell*, 15 B.R. 465, 474 (Bankr.N.D.Ga.1981), the more common practice is to pay the interest, as it accrues, with each remittance on the claim, *see United Carolina Bank*, 993 F.2d at 1127; *see also Southern States Motor Inns, Inc.*, 709 F.2d at 650. The Debtors' argument, if accepted, would lead to the Respondent receiving only six percent (6%) of the interest owed to it, in violation of the plain language of § 1325(a)(5)(B)(ii) requiring that the "property to be distributed under the plan" must not be less than the present value of the secured claim. This is also inconsistent with the purpose of the statute, which is to put the secured creditor in the same position as if the collateral had been surrendered. *See Rash*, 117 S.Ct. at 1885. Therefore, the Respondent is entitled to post-confirmation interest at the rate set forth in 26 U.S.C. § 6621.

Accordingly,

**IT IS THE ORDER OF THE COURT** that the Debtors must pay post-confirmation interest on the secured portion of the Respondent's claim.

The Clerk is hereby **directed** to serve a copy of this Order on the Debtors, Debtors' attorney, Respondent's attorney, and the chapter 13 Trustee.

**IT IS SO ORDERED.**